IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>BENJAMIN JONES, MICHELLE YU, OFFICE OF TAX COLLECTOR SAN MATEO COUNTY, NATIONAL CITY MORTGAGE COMPANY, UNIFUND CCR PARTNERS, EMPLOYMENT DEVELOPMENT DEPARTMENT STATE OF CALIFORNIA, FRANCHISE TAX BOARD STATE OF CALIFORNIA, and BANK OF AMERICA N.A.,<br><br>    Defendants.<br>                                              / | No. C 10-00796 WHA<br><br>**ORDER TO SHOW CAUSE** |

      Defendant Michelle Yu noticed a motion to expunge certain liens or claims of interest against the real property that this the subject of this action. A hearing is set for November 18, 2010. The United States government filed this suit seeking to collect on defendant Jones's outstanding tax liability, and to foreclose on his interest in real property based on a federal tax lien, but Jones's ex-wife, Michelle Yu, claims an interest in the property.

      In her motion, Ms. Yu requests that this Court expunge a claim to or lien upon the real property by three defendants: (1) the Employment Development Department of the State of California, (2) the Franchise Tax Board of the State of California, and (3) Unifund CCR Partners. The status of these three defendants in this action must be explored briefly.

The Employment Development Department of the State of California does not appear to have been served with the complaint. On July 21, 2010, however, an attorney of record for plaintiff — the federal government — filed a notice purportedly on behalf of the Employment Development Department of the State of California disclaiming "any and all rights, title, or interest in or to the subject matter of the complaint" (Dkt. No. 20).

It also appears that the Franchise Tax Board of the State of California was not served with the complaint. Nevertheless, counsel for the Franchise Tax Board has filed a notice disclaiming "any right, title, or interest in or to the property . . . by virtue of any recorded liens" (Dkt. No. 10).

Unifund CCR Partners was not served either. The government and Unifund CCR Partners stipulated, however, to name Unifund "as an additional defendant," sell the real property at issue, and distribute the proceeds to the parties (Dkt. No. 21). This stipulation was denied as moot because Unifund CCR Partners already was a defendant so it could not be named as an additional defendant (Dkt. No. 22). Unifund CCR Partners has not been a party to any other filing in the action.

Now, plaintiff — the federal government — has failed to oppose, or file a statement of nonopposition to, Michelle Yu's motion to expunge the liens or claims of interest of these three defendants. Pursuant to Civil Local Rule 7-3, any such response was due on October 28, 2010.

Plaintiff has another problem: it did not serve these defendants. Plaintiff is ordered to respond by **NOVEMBER 5, 2010, AT NOON**, and show cause why this action should not be dismissed as to the defendants who have not been served, pursuant to Federal Rule of Civil Procedure 4(m). Plaintiff must also show cause for its failure to respond to Ms. Yu's motion in accordance with Civil Local Rule 7-3. This order to show cause does not constitute permission to file a late opposition. The hearing on November 18, 2010, is **VACATED**. A new hearing shall be noticed by the Court if necessary.

**IT IS SO ORDERED.**

Dated: November 1, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2